UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

**MELINDA WATSON**,

    **Plaintiff**,

vs.                                                            Case No. 8:05-CV-1291-T-EAJ

**JO ANNE B. BARNHART,
Commissioner of
Social Security**,

    **Defendant.**
_____

_____/

<u>**ORDER**</u>

Before the court is **Plaintiff's Application for Attorney's Fees** (Dkt. 28). On August 16, 2006, Plaintiff filed the affidavit of Jeanette Kelley and an exhibit in support of her application for attorney's fees. (Dkt. 31)  The Government has not filed a response in opposition to Plaintiff's motion.

Plaintiff requests an award of attorney's fees in the amount of pursuant to the Equal Access to Justice Act (hereinafter "EAJA" or "the Act"), 28 U.S.C. § 2412(d) (1992). (Dkt. 28 at 4)  The amount requested by Plaintiff represents: (1) 30.70 hours at a rate of $147.00 per hour for the work performed in this case. (Dkt. 31)

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an

award unjust. § 2412(d)(1)(A).

This court's order of May 17, 2006 (Dkt. 26) granting Plaintiff's unopposed motion to remand this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires that a party seeking an award of fees submit to the court an application for such fees "within thirty days of final judgment in the action." § 2412(d)(1)(B).

The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run). When the Government has no intention of appealing the judgment, the sixty-day appeal interval is rendered unnecessary and moot. Lowe v. Apfel, 65 F. Supp. 2d 989, 990 (N. D. Iowa 1999).

Judgment for Plaintiff was entered on May 18, 2006. (Dkt. 27)

Plaintiff's motion for attorney's fees (Dkt. 28) was filed on July 11, 2006. In moving for remand, the Government evidences no intention of appealing the judgment in this case. (Dkt. 25) Furthermore, the Government has not filed a response in opposition to Plaintiff's request for attorney's fees, thus signifying its lack of opposition to the relief sought. Accordingly, this court will grant Plaintiff's request for attorney's fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) **Plaintiff's Motion for Attorney's Fees** (Dkt. 28) is **GRANTED;** and

2) Plaintiff's counsel shall be awarded $4,512.90 in attorney's fees as itemized above.

**DONE** and **ORDERED** in Tampa, Florida this 11th day of September, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

3